UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,          Case No. 21-cr-20268
                                        Honorable Terrence G. Berg

vs.

Robert Howard Gratton,

        Defendant.

---

## Stipulated Preliminary Order of Forfeiture

---

      Plaintiff, by and through its undersigned attorneys, together with defendant Robert Howard Gratton, by and through his attorney, Jonathan M. Epstein, Esq., submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following:

      1.    An Indictment was filed on April 21, 2021, which charged the defendant with Count One, Sexual Exploitation of Children in violation of 18 U.S.C. §§ 2251(a) and (e) and Count Two, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5) and 18 U.S.C. § 2252A(b)(2). (ECF No. 13).

      2.    The Indictment sought criminal forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(a) and provided notice to defendant of the government's intention to seek forfeiture of the following:

    i.    any visual depiction described in 18 U.S.C. § 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter;

    ii.    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    iii.    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

(ECF No. 13, PageID.28).

3.    The United States filed a First Forfeiture Bill of Particulars on May 19, 2021, pursuant to Federal Rule of Criminal Procedure 7(f), to provide notice of specific property the Government intends to forfeit upon conviction, including but not limited to: one (1) LG cell phone model: LG-L555DL, SN: 005VTHJ0048129 (ECF No. 18, PageID.44).

4.    On or about August 23, 2021, defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5) and 18 U.S.C. § 2252A(b)(2), as alleged in Count Two of the Indictment. (ECF No. 21, PageID.58).

5.    As part of his Rule 11, defendant agreed to forfeit his interest in the following to the United States:

    i.    Any visual depiction described in Title 18, United States Code Sections 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

    ii.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b); and

    iii.    Any property, real or personal, involved in the commission of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b).

Such property includes, but is not limited to: one (1) LG cell phone model: LG-L555DL, SN: 005VTHJ0048129 ("Subject Property"). *Id.* at PageID.70-72.

6.    The Subject Property was involved in defendant's violations of 18 U.S.C. § 2252A(a)(5) and 18 U.S.C. § 2252A(b)(2) and is therefore subject to forfeiture under 18 U.S.C. § 2253, and the requisite nexus exists between the Subject Property and the offense of conviction.

7.    In entering into this Stipulated Preliminary Order of Forfeiture, defendant waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Federal Rule of Criminal Procedure 32.2(b)(5). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea was accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).  The defendant

knowingly, voluntarily, and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

8. Pursuant to Rule 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to defendant at the time it is entered by the Court, but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

9. The forfeiture of the Subject Property shall be made part of defendant's sentence and included in his Judgment.

10. The defendant's counsel, Jonathan M. Epstein, affirms that he has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Order of Forfeiture.

11. Upon entry of this Order, the United States, its designee, the FBI, and/or the United States Marshals Service are authorized, pursuant to Rule 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

12. The defendant hereby agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that any and all interest he has in the Subject Property shall be forfeited to the United States for disposition according to law.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Based upon the Indictment, the First Forfeiture Bill of Particulars, the Rule 11, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 2253, the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

2. Pursuant to 21 U.S.C. § 853(n), Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days

of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

3.After the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

4.If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2).

5.  If a third party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Rule 32.2(c)(2).

6.  After this order becomes the Final Order of Forfeiture, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

7.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/Michael El-Zein | S/Jonathan M. Epstein (with consent) |
| Michael El-Zein (P79182) | Jonathan M. Epstein |
| Assistant United States Attorney | Attorney for Robert Howard Gratton |
| 211 W. Fort Street, Ste. 2001 | Federal Defender Office |
| Detroit, MI 48226 | 613 Abbott 5th Floor |
| (313) 226-9770 | Detroit, MI 48226 |
| Michael.El-Zein@usdoj.gov | 313-967-5840 |
| | jonathan_epstein@fd.org |
| Dated: February 1, 2022 | Dated: January 26, 2022 |

*****************************
**IT IS SO ORDERED.**

Dated: February 4, 2022 /s/Terrence G. Berg
Honorable Terrence G. Berg
United States District Court Judge